# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3610

_____

United States of America,

        Appellee,

        v.

Jose Jesus Castillo-Gudino,

        Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: November 27, 2007
Filed: November 30, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jose Castillo-Gudino (Castillo-Gudino) appeals the 27-month prison sentence the district court[1] imposed following Castillo-Gudino's guilty plea to a charge of re-entering the United States after being deported following a felony conviction for operating a vehicle while intoxicated, in violation of 8 U.S.C. § 1326(a) and (b)(1). Castillo-Gudino's counsel moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing the sentence is greater than necessary, because (1) the sentence was imposed in addition to the revocation sentence Castillo-

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Gudino received when his supervised release on a prior conviction for illegal re-entry was revoked; (2) Castillo-Gudino has struggled with alcoholism; and (3) the time Castillo-Gudino spent in detention with immigration authorities will not be credited toward his sentence.

We conclude the sentence, imposed within the uncontested Guidelines range, is not unreasonable: nothing in the record suggests the court overlooked a significant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing the appropriate factors. See Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness for within Guidelines range sentences); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (stating the factors used to review a sentence for reasonableness); see also U.S.S.G. § 5G1.3(c) & cmt. n.3(C) (in relevant part, addressing sentencing when the defendant commits the instant offense while on supervised release for another offense).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We grant counsel leave to withdraw, and we affirm.

_____